UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SUNNY SPICER

vs.                                                                    Case No. 4:23cv195/MW/MAL

WARDEN GABBY
_____/

## **REPORT AND RECOMMENDATION**

Petitioner Sunny Spicer initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Western District of Arkansas in April of 2023. ECF No. 1. After the case was transferred to this court in May of 2023, Spicer filed an amended petition complaining she had not received sentencing credits she was due under the Residential Drug Abuse Program (RDAP) and the First Step Act (FSA). ECF No. 7. The warden filed a response contending Spicer had failed to exhaust her administrative remedies and that the petition was successive and an abuse of the writ. ECF No. 13. Spicer did not file a reply, despite having been afforded the opportunity to do so.

The undersigned recently ascertained that Spicer is no longer housed at the Federal Correctional Institution in Tallahassee, but rather she has been transferred to the supervision of the Residential Reentry Management Office in Dallas, Texas. *See* https://www.bop.gov/inmateloc/. Spicer's change in custodial situation called

into question the continued viability of her petition as she may have obtained the sentencing credit she believed she was due. The Court therefore prepared an order to show cause directing Spicer to show cause why the petition should not be dismissed as moot.

The only address provided on the BOP website for RRM Dallas is for staff mail. *See* https://www.bop.gov/locations/ccm/cda/. Spicer never filed a notice of change of address with this Court, despite having been warned that failure to do so could result in a recommendation of dismissal of her case. The Court directed the clerk to send a copy of the order to show cause to both Spicer's address of record and to Spicer in care of the RRM Dallas, Residential Reentry Office. Spicer has not responded, despite again having been warned that a lack of response could result in the dismissal of her case.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Spicer has

failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. Spicer's amended petition under 28 U.S.C. § 2241, ECF No. 7, be **DISMISSED** without prejudice.[1]

2. The clerk be directed to close the case file.

At Gainesville, Florida on September 16, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

---

[1] The clerk is directed to send a copy of this order to both Spicer's address of record and to Spicer c/o RRM Dallas, Residential Reentry Office, US Armed Forces Reserve Cmpl, 344 Marine Forces Dr. Grand Prairie, TX 75051.